STATE v. DAVID LEE MARTIN.

220 N. W. 2d 361.

July 12, 1974—No. 44729.

R. Scott Davies, City Attorney, and A. Keith Hanzel and Thomas R. Hughes, Assistant City Attorneys, for appellant.

Wayne T. Belisle, for respondent.

PER CURIAM.

This is an appeal by the state pursuant to Minn. St. 632.11 from a pretrial order of the St. Paul municipal court which suppressed the results of a chemical test in a prosecution under § 169.121, subd. 1(a, d). The court held that "the method employed by the Minnesota State Highway Patrol in obtaining a urine specimen was not only in poor taste and improper, but could have placed the defendant in jeopardy of violation of the law." We reverse and remand for trial.

At about 3:30 a. m. on November 23, 1972, Officer Donald Hennen, a highway patrolman, was called to the scene of an accident on U. S. Highway I-94 in the vicinity of Snelling Avenue in St. Paul. Upon his arrival, he observed a demolished Volkswagen resting upside down in the middle lane of the westbound highway. After determining that defendant was the driver and observing that he was under the influence of alcohol, Hennen, acting pursuant to § 169.123, subd. 2, read to defendant the provisions of the implied-consent law. Defendant was thereby offered a choice of furnishing a sample of blood, breath, or urine. Defendant responded that he would submit to a urine test. Hennen thereupon got a urine test bottle from his trunk and gave it to defendant who proceeded to provide a urine sample. It is not entirely clear from the record where defendant filled the bottle but apparently it was at the side of the freeway.

Although defendant could properly have insisted that he be provided a more private accommodation, it was 3:30 a. m. and the likelihood of his being observed was minimal. There is nothing in the record to indicate either that the officer insisted defendant produce a sample at the scene or that defendant objected to that procedure.

The suppression of evidence is a drastic sanction to deter violations of a defendant's fundamental rights. There is nothing in this record which suggests police misconduct or procedures so offensive that those extreme measures were justified. Accordingly, the order suppressing the urine specimen is reversed.

Defendant is allowed $100 attorneys' fees.

Reversed.